UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-568-RJC-DSC

| | | |
|---|---|---|
| CHARLETTE DUFRAY JOHNSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EARL BRITT; JASON CROWLEY; | ) | **ORDER** |
| GASTON WILLIAMS; | ) | |
| JANE PIERCE; SLADE TRABUCCO; | ) | |
| MITCH STEYERS, MARY PARKER, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Complaint under

28 U.S.C. §§ 1915A and 1915(e), and on Plaintiff's Application to Proceed *in forma pauperis*

("IFP Application"), (Doc. No. 2).

I.      BACKGROUND

A.      **Plaintiff's Criminal Case**

On August 26, 2010, Plaintiff was indicted by the grand jury sitting for the Eastern

District of North Carolina. The indictment alleged that Plaintiff was a resident of Fayetteville,

North Carolina, within the Eastern District, when she carried out a scheme to defraud the Federal

Emergency Management Agency (FEMA) between September 14, 2005, and May 12, 2009. The

allegations involved Plaintiff submitting at least 12 false and fraudulent claims for disaster

assistance from FEMA in a total amount of $76,666. The indictment further alleged that Plaintiff

did not live in any area where FEMA was providing disaster relief at the time she carried out this

scheme. Rather, the indictment alleged she provided false information which tended to show that

she resided in areas where she would qualify for disaster relief. (Criminal Case No. 7:10-cr-

00093-BR, Doc. No. 1: Indictment). On November 24, 2010, the Government filed a superseding indictment which provided further detail regarding Plaintiff's alleged fraudulent efforts to file false claims with FEMA for disaster relief. (<u>Id.</u>, Doc. No. 24).

On January 31, 2011, Plaintiff appeared before the Court and entered a plea of guilty to Counts 1, 4, and 7 through 16 of her superseding indictment. The Government moved to dismiss the remaining counts. (Doc. No. 45). On February 8, 2011, Plaintiff filed a pro se motion in an effort to withdraw her guilty plea contending, among other things, that the prosecutor and two agents pressured her to enter her guilty pleas on January 24, 2011, while she was in pretrial detention in the Harnett County jail. (Doc. No. 46). Plaintiff argued that her plea was therefore not knowing and voluntary. The Government responded in opposition by summarizing the evidence from the Plea and Rule 11 hearing noting that Plaintiff informed the Court, while under oath, that no one had threatened her or attempted to force her to plead guilty. (Doc. No. 49). In an Order entered on March 9, 2011, the Court denied Plaintiff's motion to withdraw her guilty plea after finding that she had failed to carry her burden of demonstrating a "fair and just reason for requesting the withdrawal." (Doc. No. 59: Order at 1 (internal citations omitted)).

On July 5, 2011, Plaintiff appeared before the Court for her sentencing hearing. Plaintiff was ordered to serve concurrent terms of 60-months' imprisonment for conviction on Counts 1 and 4; 97-months' imprisonment on Counts 7 through 14 to be served concurrently with the sentence for Counts 1 and 4; and another concurrent term of 24 months on Counts 15 and 16. In addition, Plaintiff was ordered to make restitution in the amount of $107,593.30. (Doc. No. 80: Judgment in a Criminal Case). Plaintiff filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit.

On appeal, Plaintiff argued several errors regarding her convictions and her sentence,

including the district court's denial of her motion to withdraw her guilty plea. The Court rejected each argument regarding her convictions and affirmed her guilt. The Court found that Plaintiff's sentence was procedurally unreasonable and that the order on restitution "is not supported by the offenses of conviction." United States v. Johnson, 480 F. App'x 186, 188 (4th Cir. 2012) (unpublished). On May 4, 2012, the Court vacated Plaintiff's sentence and remanded Plaintiff's case to the district court for further proceedings. (7:10-cr-00093, Doc. No. 108).

On July 23, 2012, prior to her resentencing hearing, Plaintiff filed a pro se motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255 in the Eastern District. In her motion, Plaintiff raises numerous claims including violation of the Speedy Trial Act, violation of her Fifth Amendment right to due process; and ineffective assistance of counsel. (Doc. No. 124). On July 24, 2012, the district court dismissed the § 2255 motion on the grounds that Plaintiff was challenging both her convictions and sentence and as she had not been resentenced, her criminal judgment was not yet final. (Doc. No. 125). Petitioner appealed and the Fourth Circuit dismissed the appeal. United States v. Johnson, No. 12-7293 (4th Cir. 2012) (unpublished). (Doc. No. 150).

On November 5, 2012, the district court entered an amended judgment which imposed a sentence of 145 months' imprisonment and restitution in the amount of $53,666.30. (Doc. No. 168: Amended Judgment). Petitioner again appealed to the Fourth Circuit.

On appeal, Petitioner's convictions were not disturbed, but her sentence was vacated and remanded for resentencing, in part, for the district court to address the lengthier prison sentence imposed on remand, and to reconsider its ruling to apply an enhancement under USSG § 3C1.3, in light of the Supreme Court's opinion in Alleyne v. United States, 133 S. Ct. 2151 (2013) (finding that any fact that increases a statutory minimum sentence must be admitted by the defendant or found by the jury). United States v. Johnson, No. 12-4900, 2013 U.S. App. LEXIS

18807 (4th Cir. 2013). (Doc. No. 183). According to the record of the district court, Plaintiff's case has not been scheduled for resentencing at this time because it appears the Fourth Circuit issued a stay of its mandate on September 23, 2013, based on the filing for a petition for rehearing by Plaintiff. (Doc. No. 185).

B.    Plaintiff's Complaint

In this civil rights complaint brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), Plaintiff has named as parties U.S. District Judge, Earl Britt; Assistant U.S. Attorneys Jason Crowley and Gaston Williams; Federal Public Defenders Jane Pierce, Slade Trabucco, and Mitch Steyers; and U.S. Probation Officer Mary Parker.

Plaintiff's complaint can be summed up as follows: one or more of the named parties conspired to deprive her of her constitutional rights as a defendant as protected by the U.S. Constitution and federal law. (3:13-cv-568, Doc. No. 1 at 3). Plaintiff, in 123 pages, recounts the history of her criminal proceedings that the Court has summarized above and injects various allegations regarding falsifying documents and conspiracy to prosecute and convict her. As noted, Plaintiff's criminal judgment is not yet final as she has not been resentenced pursuant to the Fourth Circuit's order on remand. Moreover, her convictions have been affirmed on appeal and she has not yet petitioned the Supreme Court for further review of the Fourth Circuit's determination of her guilt.[1]

In her claim for relief, Plaintiff moves the Court for an order transferring her civil

---

[1]    The Court examines Plaintiff's pleadings under 42 U.S.C. § Section 1983 and notes that Section 1983 does not apply to federal employees and officials.  Rather, a civil rights action against federal employees and officers in their individual capacities is properly characterized as arising under Bivens.  See Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) (citing Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) (internal quotation omitted).

complaint to this district. (Doc. No. 1 at 19).[2] Further, Plaintiff moves this Court to subpoena all court records from the Eastern District to prove her "Bivens conspiracy claim," which include grand jury transcripts, sentencing transcripts, and materials related to the computation of her sentence. Plaintiff also requests $3,000,000 in punitive damages, compensatory damages for mental anguish in the amount of $2,500,000, and that the Court secure criminal charges against the defendants. (Doc. No. 1 at 39-40).[3]

## II.      STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A(b) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable

---

[2] It does not appear that Plaintiff has a pending civil action in the Eastern District therefore her motion to transfer venue will be denied as moot. (Doc. No. 2).

[3] The Court notes from Plaintiff's IFP Application that she does not appear to have sufficient funds to pay a filing fee or costs at this time.

under federal law.  <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

It is well settled under the principles announced by the Supreme Court in <u>Heck v. Humphrey</u> that a plaintiff cannot receive damages or equitable relief through a <u>Bivens</u> action for an allegedly unconstitutional conviction without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus.  512 U.S. 477, 486-87 (1994).  <u>See</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005) (noting that <u>Heck</u> applies regardless of the type of relief sought).  <u>See also</u> <u>Abella v. Rubino</u>, 63 F.3d 1063, 1065 (11th Cir. 1995) (holding that <u>Heck</u> applies to Section 1983 and <u>Bivens</u> actions).  Thus, the court must consider whether a judgment in Plaintiff's favor in this action would necessarily imply the invalidity of her convictions.  If it would, the court must dismiss the Complaint unless Plaintiff can demonstrate that the convictions have already been favorably terminated.  <u>Heck</u>, 512 U.S. at 487.

Here, Plaintiff is alleging that her constitutional rights were violated based on far-fetched allegations of a conspiracy among federal actors involved in her criminal prosecution.  The Court concludes that any findings regarding this conspiracy would necessarily call into question the validity of her convictions, that is, convictions which have been held on appeal to the Fourth Circuit and are therefore still in force at the time of this initial review.

Even if the Complaint is not barred by <u>Heck</u>, it is still be subject to dismissal on other grounds.  First, Judge Britt is immune from suit under the doctrine of judicial immunity.  <u>See</u> <u>Stump v. Sparkman</u>, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the

protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted).

Next, as to the U.S. Attorneys or Federal Defenders, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983, or under the Bivens doctrine. See Polk Cnty. v. Dodson, 454 U.S. 312 (1981). Finally, Plaintiff's allegations against the U.S. Probation Officer clearly implicate the prohibitions in Heck because the conspiratorial nature of Plaintiff's allegations regarding her presentence proceedings necessarily call into question the validity of convictions that are currently valid based on the Fourth Circuit's findings.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff's Complaint must be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed on initial review under 28 U.S.C. §§ 1915A and 1915(e).

2. Plaintiff's motion to transfer venue is **DENIED** as moot. (Doc. No. 1).

3. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED** for purposes of this initial review. (Doc. No. 2).

4. The Clerk is directed to close this civil action.

Signed: November 8, 2013

Robert J. Conrad, Jr.
United States District Judge